UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 FEB 13  P 1: 13

| | | |
|---|---|---|
| Gregory Lee Hayes, | ) | C/A No. 9:09-229-SB-BM |
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| State of South Carolina, | ) | |
| Respondent. | ) | |

The Petitioner, Gregory Lee Hayes, is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915, naming the State of South Carolina as the sole Respondent.[1] Petitioner filed the instant action *pro se* on a form used by state prisoner's seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. However, Petitioner's action does not seek immediate or speedier release; rather, Petitioner asks the Court to transfer him to a federal prison for service of his sentence. Thus, Petitioner's claim has been construed as an action brought pursuant to the All Writs Act. *See* 28 U.S.C. § 1651.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."


Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Petitioner is currently serving a state sentence for a Criminal Sexual Conduct (CSC) conviction in Dillon County, South Carolina.[2] Petitioner also has a federal criminal conviction from 2005. Petitioner's judgment in his federal criminal case (4:04-cr-722-TLW) indicates that he entered a guilty plea on February 1, 2005, to weapons/firearms offenses and was sentenced to concurrent sentences, the longest of which was four hundred and twenty-four (424) months. Petitioner's federal sentence was Ordered to run concurrent to any state sentence he was then serving. It appears Petitioner was returned by the Bureau of Prisons (BOP) to SCDC for service of his sentences. However, Petitioner claims the "State of South Carolina [doesn't] have jurisdiction" over him and that he should be in federal custody. *See* Petition, page 4. Petitioner therefore seeks a transfer to a federal prison.

---

[2] The SCDC's website indicates that Petitioner was admitted to SCDC on January 20, 2004, and his sentence start date is listed as November 7, 2003. The website further states that Petitioner received a twenty (20) year sentence for the CSC charge. *See* https://sword.doc.state.sc.us/incarceratedInmateSearch/



2

## Discussion

As an initial matter, to the extent Petitioner is seeking a writ of coram nobis or a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, his action must fail. The writ of coram nobis has been abolished in federal *civil* practice. *See* Fed. R. Civ. P. 60(e). However, some courts allow a writ of coram nobis to be used to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief are available. *See United States v. Morgan*, 346 U.S. 502, 509-11 (1954); *United States v. Mandel*, 862 F.2d 1067, 1074-75 (4th Cir. 1988). *But see Carlisle v. United States*, 517 U.S. 416, 429 (1996)("it is difficult to conceive of a situation in a federal criminal case today where [ a writ of coram nobis] would be necessary or appropriate")(citation omitted). The remedy is also limited to petitioners who are no longer in custody pursuant to their conviction. *See Carlisle v. United States*, 517 U.S. at 429; *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001). In the present case, the Petitioner is still serving his federal sentence, and no extraordinary circumstances are presented to necessitate the granting of such a writ.

Similarly, the styling of the petition as a petition for writ of mandamus would not entitle the Petitioner to relief. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). Further, the party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

The Fourth Circuit Court of Appeals has also held that:



3

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001), *citing United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502 (4th Cir. 1999). Since Petitioner makes no arguments establishing that he is clearly and indisputably entitled to mandamus relief, he has failed to demonstrate one of the necessary conditions for the issuance of a writ of mandamus, and the Court need not look any further. Therefore, as Petitioner presents no extraordinary circumstances to warrant the drastic remedies of mandamus or coram nobis relief, to the extent he seeks a writ of coram nobis or a writ of mandamus requiring the State of South Carolina to transfer him to a federal prison, this action should be dismissed.

Finally, although Petitioner's pleading does not appear to question the legality of his sentence,[3] it is possible that Petitioner may be attempting to challenge the execution of his federal sentence under 28 U.S.C. § 2241. While the Petitioner's pleading is less than clear, he appears to allege that the State of South Carolina lacks jurisdiction to hold him in a state prison. Petitioner states "my Fed time is more than my state time and they are ran [sic] together, meaning that I should be in Fed custody." *See* Petition, page 5. However, "[t]he Bureau [of Prisons] may designate [the place of a prisoner's imprisonment as] any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted . . ."). 18 U.S.C. § 3621(b). Additionally, several circuits have held that "the federal government does not waive

---

[3] To the extent Petitioner may wish to challenge his federal conviction or sentence, Petitioner is directed to 28 U.S.C. § 2255.

4

jurisdiction over a federal prisoner by transferring him to a state facility for service of a state sentence before expiration of his federal sentence." *Gross v. United States*, 1999 WL 96739, at *2 (6th Cir. Feb. 3, 1999). *See also McCain v. Webb*, 2003 WL 1795863 (6th Cir. April 1, 2003)("[w]hen one sovereign releases its prisoner to another for the purpose of the prisoner's serving a sentence there, it does not effectuate a loss of its jurisdiction over the prisoner"); *Lipscomb v. Stevens*, 349 F.2d 997, 1000-1001 (6th Cir. 1965); *Murray v. United States*, 334 F.2d 616, 617 (9th Cir. 1964); *Stubblefield v. Taylor*, 293 F.2d 271 (10th Cir. 1961); and *Gould v. Sanford*, 167 F.2d 877 (5th Cir. 1948).

As Petitioner is serving concurrent state and federal sentences, the BOP has jurisdiction over the Petitioner and may designate the Lieber Correctional Institution as Petitioner's place of imprisonment. Therefore, even if Petitioner's case were construed as a challenge to the manner and execution of his sentence under 28 U.S.C. § 2241, Petitioner's claim would still be subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.

Petitioner's attention is directed to the important notice on the next page.

February 13, 2009
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



p 6