IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 MAR 11  A 10: 08

Gregory Lee Hayes, # 284580          )
                                     )
          Petitioner,                )
                                     )    Civil Action No. 9:09-229-SB-BM
v.                                   )
                                     )    **ORDER**
State of South Carolina,             )
                                     )
          Respondent.                )
_____)

This matter is before the Court upon the Petitioner's *pro se* complaint, which he filed

on a form used by state prisoners who are seeking habeas corpus relief pursuant to 28

U.S.C. § 2254. The record contains a report and recommendation ("R&R") of a United

States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B).

In the R&R, the Magistrate Judge construed the Petitioner's claim as an action pursuant

to the All Writs Act, 28 U.S.C. § 1651, rather than an action pursuant to § 2254 because

the Petitioner does not challenge the legality of his conviction; rather, the Petitioner simply

requests that the Court transfer him to a federal prison to serve his sentence(s). After

analyzing the Petitioner's claim as a petition for a writ of *coram nobis* and/or a petition for

a writ of mandamus, the Magistrate Judge concluded that the Petitioner was not entitled



to the requested relief, and therefore, the Magistrate Judge recommended that this Court

dismiss the Petitioner's complaint. The Petitioner filed timely objections to the R&R, and

the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object,

in writing, to an R&R within ten days after being served with a copy of that report.)

## BACKGROUND

The Petitioner is currently serving a 20-year state sentence (that began on

November 7, 2003) based on a Criminal Sexual Conduct conviction, and he is incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina. The Petitioner also has a federal conviction from 2005 as a result of a guilty plea (entered on February 1, 2005) to weapons/firearms offenses (4:04-CR-722-TLW). The Petitioner received concurrent sentences based on the federal weapons/firearms charges, the longest of which was 420 months. Additionally, the Court ordered his federal sentences to run concurrent to any state sentence that the Petitioner was then serving. Ultimately, the Bureau of Prisons ("BOP") transferred the Petitioner to the South Carolina Department of Corrections ("SCDC") to serve his sentences. In his complaint, however, the Petitioner claims that the "State of South Carolina [does not] have jurisdiction" over him and that he should be in federal custody.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the R&R to which specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court adopts the R&R.

## DISCUSSION

Because the Petitioner's complaint does not challenge the legality of his sentences, the Magistrate Judge determined that the Petitioner does not seek relief pursuant to § 2254 (despite the form on which the complaint is filed). Instead, because the Petitioner seeks

a transfer to federal prison, the Magistrate Judge analyzed the Petitioner's claim as both

a petition for a writ of *coram nobis*[1] and a petition for a writ of mandamus under the All

Writs Act, 28 U.S.C. § 1651. First, the Magistrate Judge determined that no extraordinary

circumstances necessitate the granting of a writ of *coram nobis*, as the Petitioner is still

serving his federal sentence. Next, the Magistrate Judge determined that the Petitioner

has failed to demonstrate one of the necessary conditions to warrant the drastic remedy

of mandamus.[2] Lastly, the Magistrate Judge determined that to the extent the Petitioner

was challenging the execution of his federal sentence pursuant to 28 U.S.C. § 2241, such

a challenge must fail because:

> The Bureau may designate [the place of the prisoner's imprisonment as] any
> penal or correctional facility that meets minimum standards of health and
> habitability by the Bureau, whether maintained by the Federal Government
> or otherwise and whether within or without the judicial district in which the
> person was convicted, that the Bureau determines to be appropriate and

---

[1] A writ of *coram nobis* is an ancient writ available to correct errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512 (1954) (citations omitted). It is used "as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255." United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998). "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief'" Id. (quoting Morgan, 346 U.S. at 512).

[2] As the Magistrate Judge noted, the Fourth Circuit Court of Appeals has held:



> The party seeking a writ of mandamus must satisfy the conditions of a
> rigorous test, demonstrating each and every one of the following
> requirements: (1) he has a clear and indisputable right to the relief sought;
> (2) the responding party has a clear duty to do the specific act requested: (3)
> the act requested is an official act or duty; (4) there are no other adequate
> means to attain the relief he desires; and (5) the issuance of the writ will
> effect right in justice in the circumstances.

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (citing United States v. ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502 (4th Cir. 1999)).

suitable.[3]

18 U.S.C. § 3621(b); see also United States v. Evans, 159 F.2d 908, 911-12 (4th Cir. 1998) ("[W]hen a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when . . . the Bureau of Prisons agrees to designate the state facility for service of the federal sentence."). Moreover, if a federal judge orders or recommends that a federal sentence run concurrently with a state sentence already imposed, the BOP ordinarily will designate the state facility as the place to serve the federal sentence. See BOP Program Statement 5160.05.

In his objections to the R&R, the Petitioner reiterates his request for a transfer to federal custody, and he further claims that the State of South Carolina does not have jurisdiction over him. In addition, he asserts that he has made a clear argument warranting mandamus relief, and he alleges that he is entitled to transfer to a federal prison because the "state prison system don't have any programs to help rehabilitate" and because "the state correctional facility don't meet minimum standards of health and habitability." (Obj. at 3.)   Finally, the Petitioner admits that he "is serving concurrent state and federal sentences," but he claims that the BOP has jurisdiction over him and should help him by designating one of the federal prisons as his place of imprisonment. (Obj. at 3.)

After review, the Court finds the Petitioner's objections to be without merit. Although the Petitioner may not be satisfied with his current place of imprisonment, the fact remains that the Petitioner is serving concurrent state and federal sentences, and the BOP has the

---

[3] In making such a determination, the BOP must "exercise its own independent judgment, taking into account all applicable factors in [18 U.S.C.] § 3621(b) . . . ." Trowell v. Beeler, 135 Fed.Appx. 590, 596 (4th Cir. 2005) (unpublished).

authority and discretion to designate the Lieber Correctional Institution as his place of imprisonment.  Moreover, the Petitioner has not shown (or even alleged) that the BOP exercised its discretion arbitrarily or capriciously.  Therefore, the Court agrees with the Magistrate Judge that the Petitioner is not entitled to the relief he seeks.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that R&R is adopted, the Petitioner's objections are overruled, and the Petitioner's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March __/0__, 2009
Charleston, South Carolina

